UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Jonathan Cavalea,

                        Plaintiff,                       CV: 15-2517

v.

HSBC Retail Services; Capital One
Services, LLC; Equifax Information
Services, LLCS.; Experian Information
Solutions, Inc.; Trans Union LLC.

                        Defendant(s).
-----------------------------------------------------------X

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

#### PRELIMINARY STATEMENT

1. This action for actual, statutory and punitive damages is based on Defendants' violations of the Fair Credit Reporting Act; 15 U.S.C. §1681 et seq. ("FCRA"); the New York Fair Credit Reporting Act; N.Y. Gen. Bus. Law ("GBL") §380-a et seq. ("NYFCRA"); and for attorneys' fees, litigation expenses and costs.

2. These statutes prohibit false reporting on Plaintiff's credit report by credit reporting agencies; failure to follow reasonable procedures to ensure "maximum possible accuracy" and failures to conduct reasonable investigations of consumer disputes with respect to such information; prohibit the use of credit with the intent to defraud, obtain, transfer and/or use; prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and provides actual, statutory and punitive damages and for attorneys' fees, litigation expenses and costs.

<u>PARTIES</u>

3.  Plaintiff, Jonathan Cavalea, is natural person who resides in the city of Shirley, County of Suffolk, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

4.  Defendant HSBC Retail Services, ("HSBC") does business in New York and is a debt collector as is defined by 15 U.S.C. §1692 a(6) and is a foreign corporation duly authorized and qualified to do business in the State of New York. HSBC is a Delaware corporation which maintains a business address at 700 Wood Dale Road, IL 60191. They may be served by serving its registered agent CT Corporation System, 111 Eighth Avenue, New York, NY 10011 and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5.  Defendant Capital One Services, LLC, ("CAP ONE") does business in New York and is a debt collector as is defined by 15 U.S.C. §1692a(6) and is a foreign corporation duly authorized and qualified to do business in the State of New York. CAP ONE is a Delaware corporation which maintains a business address at 32275 32nd Avenue South, Federal Way, WA 98001. They may be served by serving its registered agent Corporation Service Company, 80 State Street, Albany, NY 12207-2543 and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.  Defendant Equifax Information Services, LLC, ("Equifax"), is a credit reporting agency and a foreign corporation duly authorized and qualified to do business in the State of New York. Equifax is a Georgia corporation which maintains a business address at P.O. Box 4081, Atlanta, Georgia 30302. They may be served by serving

its registered agent Corporation Service Company, 80 State Street Albany, NY 12207-2543 and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7. Defendant Experian Information Solutions, Inc., ("Experian") is a credit reporting agency and a foreign corporation duly authorized and qualified to do business in the State of New York. Experian is an Ohio corporation which maintains a business address at 475 Anton Blvd., Costa Mesa, CA 92626. They may be served by serving its registered agent CT Corporation System, 111 Eighth Avenue, New York, NY 10011 is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Defendant Trans Union LLC is a credit reporting agency and a foreign corporation duly authorized and qualified to do business in the State of New York. Experian is a Delaware corporation which maintains a business address at 555 West Adams Street, Chicago, IL 60661. They may be served by serving its registered agent The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, NY 12207-2543 and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

<u>JURISDICTION AND VENUE</u>

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367, which include but are not limited to the New York Fair Credit Reporting Act § 380-a.

10. Venue is proper in this Court because a substantial part of the claim arose in New York, and all Plaintiff and Defendants "reside" in New York, as that term is used in 28 U.S.C. § 1391.

## COMMON FACTUAL ALLEGATIONS

11. A credit account was open on or about May 25, 2010 for a purchase at David's Bridal ("David's) under the Plaintiff's name as joint account holder as reported on his credit report and by Sandra M Bounasera ("Bounasera"), the Plaintiff's ex fiancé, without his consent and while he was incarcerated. Bounasera used the Plaintiffs credit to purchase retail goods from David's for her own use and purpose.

12. The aforementioned account was opened at the store located at 108 Alexander Avenue, Lake Grove, NY 11755 at which time David's fraudulently, knowingly and willfully extended credit against the Plaintiff in the amount of $1,999.75 for the purchase of wedding apparel by Buonasera.

13. The Plaintiff was incarcerated from May 7, 2010 to December 7, 2010 and therefore could not have personally appeared in the store and could not have signed for this credit.

14. David's was part of the initial fraud and forgery and the further perpetuating and concealment of fraud on the Plaintiff's credit reporting.

15. David's reporting of the fraudulent debt to the three herein mentioned credit bureaus was an attempt to collect the debt.

16. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to HSBC and CAP ONE.

17. On June 28, 2011, Plaintiff received a credit denial letter from Orchard Bank based on Equifax reporting of HSBC data.

18. On July 18, 2011, Plaintiff received a credit denial letter from American Express Bank, FSB based on the derogatory credit from the credit reporting agencies.

19. On or about September 6, 2011, Plaintiff received a collection letter from Stellar Recovery Inc in regards to the HSBC / David's alleged debt causing additional embarrassment, stress and inconvenience and again September 11, 2012.

20. On September 9, 2011, Plaintiff received a letter from the Suffolk County District Attorney office in regards to Plaintiffs testimony in People v Sandra Buonasera for the prosecution of the crime against the Plaintiff.

21. On October 24, 2011, Plaintiff filed a complaint with the local police department against Bounasera for her involvement in preparing, submitting and withdrawing money against the credit of the Plaintiff by David's without Plaintiffs consent.

22. On or about February 23, 2012, Plaintiff settled in full with Kay Jewelers on an outstanding debt which continues to show on his credit report.

23. On or about March, 2012, Plaintiff was denied credit independently in an effort to get a car lease, and had to get his mother to co sign for him due in substantial part to the inaccurate derogatory HSBC account on Plaintiff's credit report causing additional embarrassment, stress and inconvenience.

24. On April 4, 2012, Plaintiff retained Credit Freedom for $1,250.00 to attempt to repair his credit and again on August 21, 2012, Plaintiff paid Credit Freedom an additional $900.00.

25. On July 29, 2012, Plaintiff agent faxed a dispute letter with evidence to CAP

ONE in an attempt to further remove the fraud from his credit.

26. On April 4, 2013, Plaintiff filed another complaint with the local police department against Bounasera for her involvement in preparing, submitting and withdrawing money against the credit of the Plaintiff by David's without Plaintiffs consent.

27. On April 5, 2013, Transunion responded to Plaintiff dispute letter to open a 90 day initial alert on his account.

28. On April 10, 2013, Plaintiff sent another letter to the herein mentioned credit reporting agencies to advise them that this was not his debt and in an attempt to remove the fraud from his credit.

29. On April 17, 2013, Experian signed the certified receipt for the dispute letter from Plaintiff.

30. On April 23, 2013, Plaintiff received a letter from Experian that his dispute was being processed and was in pending status.

31. On April 25, 2013, Plaintiff sent another letter to the herein mentioned three credit reporting agencies to dispute the reporting errors by CAP ONE and HSBC.

32. On June 3, 2014, David's who also had a contract with Plaintiff's entertainment company terminated that contract causing additional financial suffering.

33. On June 28, 2013, CAP ONE for HSBC responded to Plaintiffs dispute letter and indicated to Plaintiff that they denied his fraud claim because "all of the available evidence confirms that the transaction(s) were authorized" and "all of the available evidence confirms that the account was valid".

34. On July 29, 2013, Plaintiff sent another letter to the herein mentioned three credit

reporting agencies to dispute the reporting errors CAP ONE and HSBC.

35. On or about July 5, 2014, Plaintiff was denied credit for his business in an effort to operate and expand his business, but was denied due at least in substantial part to the inaccurate derogatory account on Plaintiff's credit report. Plaintiff was forced to sell his personal retirement CD's in order to maintain his business.

36. On or about September 17, 2014 Plaintiff was denied credit from Sears Mastercard in substantial part to the inaccurate derogatory account on Plaintiff's credit report.

37. On September 17, 2014, Plaintiff received a credit denial letter from American Express Bank, FSB based on the derogatory credit from the credit reporting agencies.

38. On October 1, 2014, Plaintiff sent another letter to the herein mentioned three credit reporting agencies to dispute the reporting errors enclosing documentation evidence.

39. Plaintiff has never made a payment towards this alleged debt and maintains that he is not liable for said debt.

40. Equifax, Experian and Trans Union ("Credit Reporting Agencies" or "CRAs") are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their database.

41. In his letters to defendants, Plaintiff explained, the fraud and enclosed copies of police reports and his letter of proof of incarceration.

42. On information and belief, plaintiff alleges that the CRAs notified HSBC, and

CAP ONE of Plaintiff's disputes.

43. Plaintiff has disputed to the herein Defendants, via telephone and mail, the inaccurate reporting of the HSBC, and CAP ONE account multiple times, including without limitation the disputes specified herein.

44. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that this account is seriously delinquent was not appropriately deleted or modified.

45. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, including but not limited to cost for retaining credit repair, monthly credit monitoring, multiple credit reports, liquidation of assets due to credit denial, requiring co signor due to credit denial, detriment to his credit rating and emotional distress from embarrassment and humiliation.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### EQUIFAX, EXPERIAN, AND TRANS UNION

47. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

48. A "consumer reporting agency is defined by the FCRA as: "any person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in

whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." See 15 U.S.C. §1681 a(f).

49. Defendants Equifax, Experian, and Trans Union are "consumer reporting agencies" as defined by §1681 a(f) and have willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to <u>assure the maximum possible accuracy</u> of Plaintiff's consumer reports.

50. §1681n imposes civil liability on any consumer reporting agency "who willfully fails to comply with any requirement" of the FCRA and §1681o provides for civil liability against any credit reporting agency which negligently fails to comply with any requirement under the FCRA.

51. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

52. Defendants Equifax, Experian, and Trans Union have prepared numerous "consumer reports" concerning the Plaintiff in response to a credit application initiated by him.

53. Defendants Equifax, Experian, and Trans Union had express knowledge that the "consumer reports" were inaccurate and yet they showed inaccurate and fraudulent credit information which they readily sold to one or more third parties and thus misrepresenting the Plaintiff credit history.

54. Through numerous communications with the Defendants Equifax, Experian, and Trans Union in writing and via telephone, they had sufficient knowledge that the information they were circulating about the Plaintiff was false, fraudulent and damaging and took no steps, or in the alternative, inadequate steps to remedy the Plaintiff credit.

55. As a direct and proximate result of Defendants Equifax, Experian, and Trans Union willful and negligent violations of §§ 1681e(b) and 1681i, and not following reasonable procedures to assure "maximum possible accuracy" in reporting Plaintiff credit pursuant to the FCRA, Plaintiff has suffered actual damages, including without limitation to financial loss, credit denials, out-of-pocket expenses, expenditure of considerable time and resources, detriment to his credit rating, humiliation, embarrassment and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

56. Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

COUNT II:
VIOLATIONS OF THE NEW YORK
FAIR CREDIT REPORTING ACT
NY GBL §380-j(e)
EQUIFAX, EXPERIAN, AND TRANS UNION

58. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59. A "consumer reporting agency is defined by the NY GBL §380-a(e ) as: "any person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports.".

60. Defendants Equifax, Experian, and Trans Union are "consumer reporting agencies" as defined by NY GBL §380-a(e ) and have willfully and/or negligently violated NY GBL §380-a(e) by failing to follow reasonable procedures to <u>assure the maximum possible accuracy</u> of Plaintiff's consumer reports.

61. NY GBL §380-L provides that,

> "Any person, firm, partnership, corporation, or association whose knowing and willful violation of section three hundred eighty-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, and any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:

> (a) Any actual damages sustained by the consumer as a result of such failure or as a result of a violation of section three hundred eighty-s of this article;

> (b) Such amount of punitive damages as the court may allow; and

> (c) In the case of any successful action to enforce any liability under this

section, the costs of the action together with reasonable attorney's fees as determined by the court."

62. NY GBL §380-m provides that,

"Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article with repsect to any consumer is liable to that consumer in an amount equal to the sum of:

(a) Any actual damages sustained by the consumer as a result of the failure;

(b) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

63. NY GBL §380-j(a) provides in pertinent part that,

"No consumer reporting agency shall report or maintain in the file on a consumer, information…"

"(3) which it has reason to know is inaccurate."

64. NY GBL §380-j(e) provides in pertinent part that,

"[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

65. NY GBL §380-k provides that,

> "Every consumer or reporting agency shall maintain reasonable procedures designed to avoid violations of sections three hundred eighty-b and three hundred eighty-j of this article…"

66. Defendants Equifax, Experian, and Trans Union have prepared numerous "consumer reports" concerning the Plaintiff in response to a credit application initiated by him.

67. Defendants Equifax, Experian, and Trans Union had express knowledge that the "consumer reports" were inaccurate and yet they showed inaccurate and fraudulent credit information which they readily sold to one or more third parties and thus misrepresenting the Plaintiff credit history.

68. Through numerous communications with the Defendants Equifax, Experian, and Trans Union, they had sufficient knowledge that the information they were circulating about the Plaintiff was false, fraudulent and damaging and took no steps, or in the alternative, inadequate steps to remedy the Plaintiff credit.

69. As a result of Defendants Equifax, Experian, and Trans Union willful and negligent violations of NY GBL §380-j(a); and not following reasonable procedures to assure "maximum possible accuracy" in reporting Plaintiff credit pursuant to the NYFCRA; and willfully and negligently failed to maintain reasonable procedures to avoid violation of NY GBL §380-j in violation of NY GBL §380-k, Plaintiff has suffered actual damages, including without limitation to financial loss, credit denials, out-of-pocket expenses, expenditure of considerable time and resources, detriment to his credit rating, humiliation, embarrassment and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to NY GBL

§§380 L and M.

70. Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to NY GBL §380 L.

71. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and Trans Union pursuant to NY GBL §§380 L and M.

COUNT III:
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. § 1681i
Equifax, Experian, Trans Union

72. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

73. 15 U.S.C. §1681i provides in pertinent part that,

"(a)(1)(A) …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly… of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

"(a)(4) … In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting

agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (a)(A) with respect to such disputed information."

74. Plaintiff communicated via telephone and mail to Defendants on numerous occasions that he was disputing, with supporting evidence of its inaccuracy, the inaccurate information on his credit report which was being supplied to current creditors and prospective creditors who were denying his credit due to that inaccuracy.

75. Defendants, Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct reasonable investigations upon receiving notice and evidence of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

76. Defendant Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i by recklessly and negligently continuing to report on the Plaintiff's credit profile without a permissible purpose or authorization under the FCRA.

77. As a result of Equifax, Experian, and Trans Union's willful and negligent violations of §§ 1681i, Plaintiff has suffered actual damages, including without

limitation to financial loss, credit denials, out-of-pocket expenses, expenditure of considerable time and resources, detriment to his credit rating, humiliation, embarrassment and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

78. Equifax, Experian, and Trans Union's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

COUNT IV:
VIOLATIONS OF THE NEW YORK
FAIR CREDIT REPORTING ACT,
NY GBL §380-f
Equifax, Experian, Trans Union

80. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

81. NY GBL §380-f provides in pertinent part that,

(a) "If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section. The presence of contradictory information in a consumer's file shall not, in and of itself, constitute reasonable grounds for believing

the dispute is frivolous."

(c) "If, after conducting a re-investigation pursuant to this section, the consumer reporting agency is unable to resolve any remaining differences between the statements made by its sources and the consumer, it shall: (1) promptly indicate in the file that the item is disputed, (2) permit the consumer to file a statement concerning the nature of the dispute, which statement may be limited by the agency to not more than one hundred words if such agency provides the consumer with assistance in writing a clear summary of the dispute, (3) include the consumer's statement of the dispute in all subsequent credit reports containing the information in question, and (4) clearly note in all subsequent consumer reports that the item is disputed by the consumer."

82. Plaintiff communicated to Defendants on numerous occasions that he was disputing, with supporting evidence of its inaccuracy, the inaccurate information on his credit report which was being supplied to current creditors and prospective creditors who were denying his credit due to that inaccuracy.

83. Defendants, Equifax, Experian, and Trans Union willfully and/or negligently violated NY GBL §380-f by failing to conduct reasonable investigations upon receiving notice and evidence of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigation, and/or by failing to appropriately modify, delete, and/or block the information. Additionally, the CRA's failed to notate the inaccuracy as disputed giving false representations to creditors.

84. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated NY GBL §380-f by recklessly and negligently continuing to report on the Plaintiff's credit profile without a permissible purpose or authorization under the FCRA.

85. As a result of Equifax, Experian, and Trans Union's willful and negligent violations of NY GBL §380-f, Plaintiff has suffered actual damages, including without limitation to financial loss, credit denials, out-of-pocket expenses, expenditure of considerable time and resources, detriment to his credit rating, humiliation, embarrassment and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to NY GBL §§380 L and M.

86. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to NY GBL §380 L.

87. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and Trans Union  pursuant to NY GBL §§380 L and M.

COUNT FIVE
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. 1681s-2(b)
HSBC, Capital One

92. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

93. On information and belief, plaintiff alleges that HSBC and Capital One received notice of plaintiff's disputes from each of the CRA defendants, i.e., Experian, Equifax, and/or Trans Union. On information and belief, plaintiff alleges that HSBC and Capital One failed to perform a reasonable investigation of plaintiff's

dispute. On information and belief, plaintiff alleges that HSBC and Capital One continued to report to the CRAs information which was inaccurate, incomplete, or which cannot be verified.

94. HSBC and Capital One negligently violated the provisions of the FCRA by failing to comport with FCRA § 1681s-2(b).

95. As a result of HSBC and Capital One's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

96. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

COUNT SIX
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. 1681s-2(b)
HSBC, Capital One

92. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

93. On information and belief, plaintiff alleges that HSBC and Capital One received notice of plaintiff's disputes from each of the CRA defendants, i.e., Experian, Equifax, and/or Trans Union. On information and belief, plaintiff alleges that HSBC and Capital One failed to perform a reasonable investigation of plaintiff's dispute. On information and belief, plaintiff alleges that HSBC and Capital One continued to report to the CRAs information which was inaccurate, incomplete, or which cannot be verified.

94. HSBC and Capital One willfully violated the provisions of the FCRA by failing to comport with FCRA § 1681s-2(b).

95. As a result of HSBC and Capital One's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

96. As a result of HSBC and Capital One's violations of the FCRA, plaintiff is entitled to punitive damages in an amount to be determined by the jury.

97. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

<u>WHEREFORE,</u>

Plaintiff prays that judgment be entered against these Defendants for:

1. On Count One against defendants Experian, Equifax and Trans Union:

    a) Damages,

    b) Punitive damages,

    c) Attorney fees and costs,

2. On Count Two against defendants Experian, Equifax and Trans Union:

    a) Damages,

    b) Punitive damages,

    c) Attorney fees and costs,

3. On Count Three against defendants Experian, Equifax and Trans Union:

    a) Damages,

    b) Punitive damages,

      c) Attorney fees and costs,

4. On Count Four against defendants Experian, Equifax and Trans Union:

      a) Damages,

      b) Punitive damages,

      c) Attorney fees and costs,

5. On Count Five against defendants HSBC and Capital One:

      a) Damages,

      b) Attorney fees and costs,

6. On Count Six against defendants HSBC and Capital One:

      a) Damages,

      b) Punitive damages,

      c) Attorney fees and costs,

7. Such other and further relief as may be just and proper.


Dated this 2nd day of May, 2015.

Respectfully submitted,
/s/ Darren Aronow_____
Darren Aronow, Esq.
Attorney for Plaintiff
The Law Office of Darren Aronow, PC
8B Commercial Street, Suite 1
Hicksville, NY 11801
516-663-0970 phone
516-303-0066 fax
Darren@dalawpc.com

<u>VERIFICATION OF COMPLAINT</u>
<u>AND CERTIFICATION BY PLAINTIFF</u>

STATE OF NEW YORK                           )
                                            ) ss
COUNTY OF SUFFOLK                           )


I, Jonathan Cavalea, having first been duly sworn and upon oath, depose and say as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.


                                    /s/ Jonathan Cavalea



Subscribed and sworn to before me

this 2nd day of May, 2015.

/s/ Darren Aronow LIC #01ar6022417
_____
Notary Public